OHIO STATE FEDERATION OF LICENSED NURSING HOMES ET AL. *v.* PUBLIC HEALTH COUNCIL ET AL.*

(No. 6666—Decided February 7, 1961.)

*Messrs. Sebastian, Fais & Durst* and *Mr. Herbert E. Arfman*, for relators.

*Mr. Mark McElroy*, attorney general, and *Mr. Richard F. Swope*, for respondents.

DUFFEY, J. Relators filed an action in prohibition in the form of a class suit against the Public Health Council, its members, and the Director of Health. The action is before the court on a demurrer to the petition.

The Public Health Council is an agency within the meaning of Section 119.01, Revised Code. It has authority to adopt rules and regulations for rest and nursing homes. Such insti-

---

*Judgment affirmed, 172 Ohio St., 227.

tutions must be licensed, and the licensing conditions include compliance with any such rules. Chapter 3721, Revised Code. Accordingly, the council is subject to the Administrative Procedure Act. Revised Code Chapter 119.

The petition alleges that on September 16, 1960, the council duly gave notice of a public hearing to consider the adoption of proposed regulations and the rescission of certain existing regulations. On October 21, a public hearing was held. On November 19, December 10, and December 11, the council held meetings in which the proposed regulations considered at the public hearing were discussed. These meetings were allegedly referred to by the council as "deliberative sessions." The petition refers to these latter meetings as "public hearings," but there are no facts alleged to show that the council so intended them. No public notice of these meetings was given in the manner prescribed for public hearings under Section 119.03, Revised Code. Participating were the council members, the Director of Health, and various other officers and employees of the department. The public was permitted to attend but not to participate, and a request to participate was denied a member of the public.

During the meetings, the participants allegedly "submitted" what petitioners referred to as "newly proposed regulations and amendments to regulations." The council heard "testimony" on these proposals and on the regulations originally proposed, but not under oath, and without stenographic record. At the conclusion of the December 11th meeting, the council adopted a Code of Regulations "embodying various of the newly proposed regulations and amendments to regulations," and ordered that the code be filed with the Secretary of State. The filing has been restrained by a temporary injunction.

The petitioners alleged that the council exceeded its "jurisdiction" because there was no public notice of these meetings; the statements were not under oath and without stenographic record; it allowed nonmembers to participate and denied a hearing to the public; and because it received and adopted some new proposals after the close of the public hearing of October 21.

The petition attacks only the actions of the council which were taken subsequent to the public hearing on October 21, 1960. While there is no direct allegation of complete compliance with Chapter 119, we must assume on demurrer that the council duly complied with the law up to and including that meeting. If the actions alleged are either permissible under Section 119.03, Revised Code, or, although erroneous, another remedy is available, the petitioners are not entitled to prohibition.

Section 119.11, Revised Code, provides for an appeal from an order of an agency adopting or rescinding rules. The appeal may be taken "on the ground that said agency failed to comply with the law in adopting, amending, rescinding, publishing, or distributing said rule." The appeal must be determined on the basis of the transcript of the record of proceedings before the agency. Petitioners contend that the actions here alleged all occurred subsequent to the public hearing, and no record was made of them. From this, it is contended that the transcript would not exemplify these errors and, therefore, the appeal remedy is inadequate.

The alleged errors of the council are derived from two basic contentions of the petitioners involving the interpretation of Section 119.03, Revised Code:

(1) The code as adopted cannot contain amendments, substitutions and additions to the code as originally proposed by the agency and considered by it at the public hearing. It is from this contention that petitioners derive all the procedural objections, such as lack of notice, nonparticipation, statements not under oath, lack of stenographic record, etc.

(2) The agency cannot consult its departmental staff after the public hearing as to the advisability of the original proposal, or on suggestions with respect to amendments or substitutes for provisions of the original proposal. It would be petitioners' position apparently that to do either of these, the agency would have to re-comply with all the requirements of the Act.

Section 119.03, Revised Code, provides that oral or written evidence can be submitted to the agency in the public hearing. It requires a stenographic record of the testimony and rulings

on admissibility. However, Section 119.11, Revised Code, requires the agency on an appeal to transmit to the court "a transcript of its record of proceedings relating to said rule." It is apparent that the transcript required here is much more than merely the transcript of oral testimony and rulings. A "record of proceedings" means a record of compliance with all the procedural requirements of Section 119.03, *i. e.*; (A) public notice of the proposed rules; (B) filing with the Secretary of State; (C) notice of public hearing, all written evidence or exhibits, a transcript of oral testimony and rulings; (D) the order adopting the rule and the rules adopted; and (E) proof of a reasonable effort to inform affected persons.

The first three divisions of Section 119.03 give some plausibility to petitioners' position. Under (A), the public notice need only be a synopsis of the proposal or a general statement of the subject matter. See *Standard "Tote" Inc.* v. *Ohio State Racing Comm.*, 68 Ohio Law Abs., 19. However, under (B), the full text must be filed with the Secretary of State and be available at the agency office. Under division (C), the public hearing is to be on the "said proposed ruling." The only antecedent for the word "said" is the proposal filed with the Secretary of State. Accordingly, the public hearing is with reference to the full text as filed under division (B).

However, division (D) of Section 119.03 specifically provides that the agency may adopt "such proposed rule * * * or *revision* thereof." (Emphasis added.) It further refers to a filing of the rule "in its *final* form." (Emphasis added.) We believe the statute contemplates and authorizes changes in a rule between the original proposal as presented in the hearing, and as adopted. Considering the nature of the rule-making process, a requirement of a full-scale compliance with all the statutory procedures upon *any* revision of the text of the original proposal would result in a formidable burden and gross delay. Of course, to completely ignore the original proposal might destroy the purpose of the hearing. Division (D) of Section 119.03 therefore limits the scope of the power of revision by requiring that the rule adopted be "consistent with the public notice." We need not determine in this proceeding the extent to which an agency may revise its original proposals, nor when

its revision would not be consistent with the "public notice." For the purposes of the present action, it is enough to note that the record of proceedings required by Section 119.11 will exemplify any such inconsistency since it includes the text of the original proposals and of the rules as adopted. Petitioners thus had an adequate remedy by appeal in which to challenge any such alleged error and obtain a determination of the existence of an inconsistency.

With respect to petitioners' second basic contention, we note that the petition does not allege that the agency consulted anyone except its own staff. We need not consider the validity of an agency consulting other persons after the public hearing. The agency's power to revise the original proposal carries with it the inherent and incidental power to be advised by its staff on the revisions to be made. Nothing in the statute compels a different conclusion. A determination of what to revise also necessarily involves determining what not to revise—and revisions necessitate proposals on the text of the revision. Accordingly, an agency can, within Section 119.03, hold operational meetings with its staff subsequent to the public hearing to implement its rule-making function and arrive at the text of the rules in "final form" for adoption.

The requirement of Section 119.11, Revised Code, that an appeal be based only on the transcript of proceedings operates two ways—both the agency and the appellant must support their position on the text of the rules adopted and on the evidence presented in the hearing. This affords an additional, although indirect, safe-guarding limitation on the extent of revision by the agency.

We conclude that the allegations with respect to staff statements on the original proposals and on revisions of its proposals made subsequent to the public hearing do not show a failure to comply with the provisions of Chapter 119. The petitioners had no right to have these statements made under oath, or to cross-examine, or to refute them.

Respondents have urged that the rule-making process is not quasi-judicial. See *Zangerle, Aud.,* v. *Evatt, Tax Commr.,* (1942), 139 Ohio St., 563. It has also urged that the only remaining act, after an order of adoption, is that of filing with

the Secretary of State, and that such an act is ministerial and, therefore, not subject to prohibition. In view of our conclusions on the interpretation of Section 119.03, Revised Code, we express no opinion on these contentions.

We find that the complaints with respect to the holdings of the meetings are without legal foundation. To the extent the petition alleges an inconsistency between the original proposals and those adopted, such errors are capable of redress upon an appeal.

The demurrer to the amended petition is sustained. Unless petitioners choose to amend, respondents should submit an entry dissolving the temporary injunction and dismissing the action.

*Judgment accordingly.*

BRYANT, P. J., and DUFFY, J., concur.