IN RE ADOPTION OF REGULATION No. 68: YORK BEER DISTRIBUTING, INC., ET AL., APPELLANTS, *v.* BOARD OF LIQUOR CONTROL, APPELLEE.*

(No. 6673—Decided June 13, 1961.)

---

*Motion to certify the record overruled, December 20, 1961.

*Messrs. Videan & Dixon*, for appellants.

*Mr. Mark McElroy*, attorney general, *Mr. Michael Kouskouris* and *Mr. Leo Stark*, for appellee.

BRYANT, J.   This is an appeal by York Beer Distributing, Inc., by Charles A. Harris, President, and City Distributing Company, by James Fabian, President, holders of Class B-1 permits issued by the Ohio Department of Liquor Control, appellants herein, from a judgment of the Court of Common Pleas of Franklin County, Ohio, in favor of the Board of Liquor Control, appellee herein, upholding the validity of Regulation No. 68 adopted by the board limiting the retail sales made by holders of Class B-1 permits.

On May 5, 1960, the board adopted proposed Regulation No. 68 which was filed with the Secretary of State of Ohio on May 6, 1960, and reads as follows:

"Each holder of a B-1 permit shall file, on a form furnished by the department and approved by the board, not later than the fifteenth day of April, July, October, and January of each year, a report listing the sales of beer and malt beverages sold during the immediate previous three months to retail permitholders and for home use to non-permitholders, which report shall be signed and sworn to by the holder or principal officer of a corporation holding B-1 permit.

"If in any such immediate previous three-month period the sales by such holder of B-1 permit for home use to non-permitholders exceeds twenty percentum (20%) of the total sales to retail permitholders and for home use to non-permitholders, the department shall cite such holder of B-1 permit before the Board of Liquor Control for suspension or revocation of its permit for not exercising the privileges granted in conformity with the provisions of Section 4303.06 of the Revised Code and this regulation.

"If the board finds that sales by such holder of B-1 permit for home use to non-permitholders exceeds twenty percentum (20%) of the total sales by such holder of B-1 permit to retail permitholders and for home use to non-permitholders, the board may suspend or revoke such B-1 permit.

"This regulation shall take effect and be in force on and after July 1, 1960."

On May 9, 1960, legal notice was published in the Columbus

Dispatch, the Cincinnati Post and Times-Star, and the Cleveland Plain Dealer of the intention of the board to adopt proposed Regulation No. 68, and that pursuant to Section 119.03 of the Revised Code the board would conduct a public hearing in Columbus, Ohio, at 10 a. m., June 8, 1960. The notice contained the text of the proposed regulation and invited any person interested to appear.

On June 8, 1960, a public hearing was conducted in Columbus, Ohio, at which time ten persons spoke. Five were proponents and official spokesmen for organizations composed of breweries, wholesale beer distributors, carry-out retail stores, taverns and night clubs. The five opponents of the regulation were the holders of Class B-1 permits.

On behalf of the proponents, it was contended that Class B-1 permits, although permitting sales for home use, were primarily intended to authorize wholesale distributors to make sales to retail permit holders. It was urged that the overwhelming majority of Class B-1 permit holders actually sell for home use considerably less than 20% of the volume sold to the holders of retail permits. It was further urged that those against whom the regulation was directed and whose sales for home use exceed 20% of their sales to retail permit holders are converting a wholesale distributor's permit into a retailer's permit, a use which the proponents urged was never intended.

On behalf of the opponents, it was contended that the proposed limitation was not authorized by law, that it would impose difficult bookkeeping burdens on B-1 permit holders, and that the regulation had the effect of favoring large distributors and discriminating against the smaller distributors.

The public hearing was concluded with the statement by the chairman of the board as follows:

"Now, ladies and gentlemen, I repeat that the board will take under advisement the consideration of the adoption permanently of these regulations, or the rejection of them, Regulations 67 and 68."

Thereafter, on June 21, 1960, a notice of appeal was filed with the board and with the Common Pleas Court. They are identical and read as follows:

"Now come the appellants, holders of Class B-1 permits issued by the Department of Liquor Control, state of Ohio, and

under Section 119.11, Ohio Revised Code, appeal the adoption of Regulation 68 by the Ohio Board of Liquor Control, a copy of which is attached hereto, marked exhibit A, and made a part hereof as if wholly rewritten herein; on the following grounds:

"(1) Said regulation is unreasonable and unlawful.

"(2) Said regulation is discriminatory in its operation and effect.

"(3) Enactment of said regulation is an encrachment [encroachment] on legislative power by an administrative agency.

"(4) Said regulation is in contravention of statute."

To each is attached a copy of Regulation No. 68 which bears the notation that it was adopted June 8, 1960, and reads as follows:

"Each holder of a B-1 permit shall file, on a form furnished by the department and approved by the board, not later than the fifteenth day of April, July, October, and January of each year, a report listing the sales of beer and malt beverages sold during the immediate previous three months to retail permitholders and for home use to non-permitholders, which report shall be signed and sworn to by the holder or principal officer of a corporation holding B-1 permit.

"If in any such immediate previous three-month period the sales by such holder of B-1 permit for home use to non-permitholders exceeds twenty percentum (20%) of the total sales to retail permitholders and for home use to non-permitholders, the department shall cite such holder of B-1 permit before the Board of Liquor Control for suspension or revocation of its permit for not exercising the privileges granted in conformity with the provisions of Section 4303.06 of the Revised Code and this regulation.

"If the board finds that sales by such holder of B-1 permit for home use to non-permitholders exceeds twenty percentum (20%) of the total sales by such holder of B-1 permit to retail permitholders and for home use to non-permitholders, the board may suspend or revoke such B-1 permit.

"This regulation shall take effect and be in force on and after July 1, 1960."

On June 30, 1960, a transcript of the testimony taken at the public hearing on June 8, 1960, consisting of 49 pages, of which 42 pages relate to the matter now before the court, was

filed with the Common Pleas Court. In addition there were filed with the clerk of courts (1) the notice of appeal which had been filed with the board; (2) Exhibits A-1, A-2 and A-3, the proof of publication above referred to; (3) the department's Exhibit B pertaining to Regulation No. 67, not here under consideration; and (4) the department's Exhibit C, being proposed Regulation No. 68, adopted and signed by the board on May 5, 1960, and filed with the Secretary of State in advance of the hearing.

So far as we can ascertain from a careful examination of the file and except for briefs of the respective parties and formal entries granting additional time to file briefs, nothing else was filed with the Common Pleas Court up until the decision of the court. The Common Pleas Court by its decision and later by a journal entry dated December 9, 1960, held as follows:

"This cause came on for the consideration of the court upon the appellant's appeal under the provisions of Section 119.11, Revised Code, from an order of the Board of Liquor Control of the state of Ohio in adopting Regulation No. 68, whereupon the matter was submitted to the court upon written briefs of the parties, the record of the proceedings before the board and upon argument of counsel; and the court upon due consideration thereof finds that the procedural requirements in adopting said regulation were complied with by the board and that the regulation as adopted is reasonable and lawful.

"Wherefore, it is the order of this court that the order of the Board of Liquor Control of the state of Ohio in adopting Regulation No. 68, is hereby affirmed and the herein appeal is dismissed.

"Costs to the appellant.

"To all of which the appellant excepts.

"It appearing that a stay of the effective date of the herein regulation was automatic under the provisions of Section 119.11, Revised Code, and it further appearing that appellant intends to appeal this matter, said stay is hereby continued."

It is from this judgment that appellants on December 29, 1960, filed the following notice of appeal on questions of law and fact:

"Now comes the appellant and serves notice of its appeal on questions of law and fact from the decision of the Common

Pleas Court of Franklin County in case No. 208,312, journalized on December 9, 1960. The decision appealed from affirmed an order of the Ohio Board of Liquor Control adopting Regulation No. 68. This appeal is taken to the Court of Appeals of Franklin County.''

The appeal was subsequently reduced to an appeal on questions of law only.

As above pointed out, the four errors assigned in the appeal to the Common Pleas Court were (1) that the regulation is unreasonable and unlawful; (2) that it is discriminatory; (3) that it is an encroachment on legislative power; and (4) that it is in contravention of statute. When the Common Pleas Court held against the appellants on each of these assignments of error, the adverse rulings by the court below constitute the four errors assigned in this court.

Before giving consideration to the errors assigned, it should be noted that we have been unable to find anywhere in the record any indication whatsoever that the board has complied with the provisions of Section 119.03 (D) of the Revised Code, which read as follows:

"After complying with divisions (A), (B), and (C) of this section, the agency may issue an order adopting such proposed rule, amendment, or rescission, or revision thereof, consistent with the public notice and at that time shall designate the effective date thereof which shall not be earlier than the tenth day after said rule, amendment, or rescission has been filed in its final form with the Secretary of State as provided in Section 119.04 of the Revised Code. No rule shall be amended except by a new rule which shall contain the entire rule as amended, and shall repeal the rule amended."

It was assumed at the time of argument that there had been a full compliance with the above statute, but the statement of the chairman of the board in the record, set forth above, that the matter would be taken under advisement, is the final reference in that transcript and nowhere in this record can we find any document or paper indicating who, if any, of the members of the board voted for or against the adoption in the final form. Section 119.11 of the Revised Code also appears not to have been followed in the preparation of the notice of appeal.

As we understand that section, there is a clear distinction between the meaning of the order adopting a rule and the rule itself. Section 119.11, Revised Code, provides in part as follows:

"Any person adversely affected by an order of an agency in adopting, amending, or rescinding a rule * * * may appeal to the Court of Common Pleas of Franklin County * * *.

"Any person desiring to appeal shall file a notice of appeal with the agency setting forth *the order appealed from* and the grounds of his appeal. Such notice of appeal shall be filed within fifteen days after the order of said agency and prior to the effective date of such rule, amendment, or order of rescission and such notice shall operate as a stay of the effective date thereof unless the appeal has been heard and determined prior to such effective date. A copy of said notice of appeal forthwith shall be filed by the appellant with the court.

"Within ten days after a notice of appeal is filed, the agency shall transmit to the Clerk of the Court of Common Pleas of Franklin County a transcript of its record of proceedings relating to said rule. * * *

"* * * If the court decides that the procedural requirements in adopting, amending, or rescinding a rule have not been complied with by the agency, or that the rule as adopted or amended by the agency is unreasonable or unlawful, or that the rescission of the rule was unreasonable or unlawful, it shall declare invalid such order by said agency.

"Any order of the court in reviewing on appeal *an order of any agency* in adopting, amending, or rescinding a rule shall be final unless an appeal is taken therefrom, but no person affected thereby shall be precluded from attacking at any time the reasonableness or legality of any rule in its application to a particular set of facts or circumstances." (Emphasis added.)

Thus it appears that the record is silent with respect to the three steps which are to follow a public hearing: (1) an order by the board adopting (or amending or rejecting) the rule or regulation in final form; (2) the fixing *at that time* of the date the regulation is to become effective; and (3) the filing of a certified copy with the Secretary of State.

With reference to the several errors assigned, it must be

noted that a Class B-1 permit is essentially a permit for a wholesale distributor of beer. In the sections which comprise Chapter 4303 of the Revised Code there are set forth statutory definitions of 22 types of permits which are authorized. In Sections 4303.02 through 4303.05, four permits are defined, known as A-1 through A-4, and all of them are for manufacturers. In Sections 4303.06 through 4303.10, are defined five permits, known as B-1 to, and including, B-5, and all of them may be issued only to wholesale distributors and not to anyone else. In the other sections that follow, there are provisions authorizing and defining carry-out permits, including Class C-1 and Class C-2, and the various permits covering the sale of drinks by the glass on the premises, known as D-1 to, and including, D-5 permits.

We conclude, therefore, that a Class B-1 permit is essentially a wholesale distributor's permit and that the granting of authority for such a permit holder to sell malt beverages ''for home use,'' is merely incidental to the authority granted to make sales ''to retail permit holders.''

It can hardly be contended that the board lacks authority to adopt regulations with reference to Class B-1 permits, when Section 4303.06, Revised Code, creating this permit contains the phrase, ''under such regulations as are promulgated by the Department of Liquor Control.''

The above specific power is in addition to the general grant of power to the board found in Section 4301.03, Revised Code.

We are unable to find that the regulation is discriminatory in its operation and effect. On the contrary, it would appear to apply equally to all those in the same class.

There would appear to be good reasons for placing some limitation upon the retail sales by Class B-1 permit holders, for in that particular operation they parallel closely, but are not subject to some of the limitations placed on, Class C-1 and Class C-2 carry-out permits. In Section 4303.11, defining. Class C-1 permits, and Section 4303.12, defining Class C-2 permits, there are limitations of 576 fluid ounces or two cases being the total quantity permitted to be sold at one time. Further, Regulation No. 49 of the board, which we judicially notice, dealing with the hours of sale of alcoholic beverages, appears to require Class C-1 and Class C-2 permit holders to close on week

414

days from 1 a. m. to 5:30 a. m., and yet this regulation places no such limitation upon retail sales by Class B-1 permit holders.

For the reasons above set forth, we conclude that the appeal is without merit, and, coming to consideration of the four errors assigned, we conclude they are not well taken and must be overruled and the judgment of the court below affirmed.

*Judgment affirmed.*

COLLIER and BROWN, JJ., concur.

COLLIER and BROWN, JJ., of the Fourth Appellate District, sitting by designation in the Tenth Appellate District.