Jamison Plumbing & Heating Co., Appellant, *v.* Rose et al., Appellees.

[Cite as Jamison Plumbing & Heating Co. v. Rose, 14 Ohio App. 2d 47.]

(No. 8801—Decided November 14, 1967.)

Messrs. *Topper & Alloway,* for appellant.

Mr. *William. B. Saxbe,* attorney general, Mr. *Charles R. Dersom* and Mr. *Larry Brake,* for appellees.

Messrs. *Vorys, Sater, Seymour & Pease* and Mr. *Russell R. Herrold, Jr.,* for *amicus curiae.*

HERBERT, J. The Board of Building Standards adopted certain amendments to the Ohio Building Code relating to and permitting the use of plastic drain, waste and vent pipe fittings. Appellant's president appeared at the hearing before the board and objected to the use of such materials and, upon the adoption of the regulations permitting their use, filed his company's appeal in the court below. Upon due consideration the Court of Common Pleas upheld the board's action, and appellant then lodged the instant appeal.

The initial questions to be resolved are those raised in the brief of the *amicus curiae* relating to jurisdiction and standing to sue. In our opinion, the cases cited in support of the argument that we are without jurisdiction to pass upon the assignments of error advanced by the appellant are readily distinguishable from the case at bar. The original notice of appeal filed herein was filed within the statutory time and contained the required information to confer jurisdiction upon the court below. The amendment of that notice, permitted by entry dated February 7, 1967, enlarg-

ed upon the matters to be determined, but did not act as the attempted institution of an entirely new appeal.

The question of appellant's standing in this action turns upon whether he is a "person adversely affected" by the adoption of the amendments. (Section 119.11 Revised Code.) The argument was advanced during the hearing in this court that, since appellant had been prohibited from installing plastic pipe prior to the adoption of the amendments, the granting of permission to make such installations, even though under limited conditions, is an improvement over his prior situation and thus does not adversely affect him. We cannot accept this contention in view of our belief that the appellant, in installing the pipe, will be regulated by the amendments and will be expected to conform to their requirements. If they are not reasonably clear in their standards, appellant will be directly affected by the resulting uncertainty. Thus, it is our opinion that appellant has the standing to raise such an issue, and others, irrespective of whether he is later successful in sustaining his position thereon.

The appellant advances several grounds for this appeal, and we will deal with them in the order in which they appear in its brief. First, it is contended that the rules as finally adopted by the board are not "consistent with the public notice" given by the board in its "general statement of the subject matter to which such proposed rule" related. (Section 119.03 (A) (2) and (D), Revised Code.) Appellant argues that the consistency involving the "public notice" referred to in paragraph (D) of Section 119.03 applies not only to the language of paragraph (A) (2) of that section, but to the "full text of the proposed rule" required to be filed under paragraph (B) of the section as well. We are unable to agree with appellant's contention in this regard. Paragraph (A) of Section 119.03 spells out the public notice requirements, and paragraph (B) clearly involves a new subject matter and a new directive. Appellant's interpretation of paragraph (D) would necessitate reading into the statute the words "and the text of the

proposed rules filed pursuant to paragraph (B) above" following the words "consistent with the public notice." The clear and express language here employed by the General Assembly neither requires nor permits such an interpretation of the statute. We have reviewed the notices published by the board and, when comparing them with the amendments finally adopted, conclude that there is a sufficient consistency between the notices and the rules adopted to support the board's position in this regard. (*Ohio State Federation of Licensed Nursing Homes* v. *Public Health Council,* 113 Ohio App. 113.)

Appellant next contends that Section 3781.12 of the Revised Code required that each individual rule, as amended and adopted, be signed by the chairman of the Board of Building Standards, bear the seal of the Department of Industrial Relations and be filed with the Secretary of State. With this contention we agree. The language of the statute is clear and unambiguous and should have been followed by the board. The rationale behind such a require-, ment is by now obscure. The section was first enacted in 1923 (110 Ohio Laws 350, 353) and contained the language now under consideration. To deduce that it was designed to prevent false or altered rules from being filed with the Secretary of State would be speculation and, under today's methods of communication, might not present a sole and convincing reason for holding it to be an essential in the adoptive or amending procedure. However, since the wording remained unchanged during the 1959 scrutiny and amendment of the section by the General Assembly (128 Ohio Laws 715), it is our observation that where express admonitions such as this appear in a statute, the agency concerned therewith should heed them.

Appellant's next complaint bears upon an alleged failure by the board to adhere to the requirement found in Section 3781.12, *supra,* stating that "Any such rule or regulation or amendment or annulment thereof shall not take effect until a date fixed by the board and stated therein." In this connection we point out that this board is also

amenable to Sections 119.01 to 119.13, inclusive, of the Revised Code and must comply with the provisions thereof in the adoption, amendment or rescission of rules. (Section 119.02, Revised Code.) Section 119.03 provides that at the time of its adoption of the rule, the board "shall designate the effective date thereof." In the instant case, the board's statement in its order of adoption that the amended rules would become effective "ten (10) days after filing" did not meet the requirements of Sections 3781.12 and 119.03 of the Revised Code. Lengthy discussion of our reasons for such a finding will be omitted, but it should be noted that not only is the statutory language above cited clear on this point, the hardship upon those affected by a failure to follow the statutes is obvious. If they desire to appeal the adoption, their appeal may be instituted at any time within fifteen days of the board's order, but must be filed prior to the effective date of the rule. (Section 119.-11, Revised Code.) Further, the rules can become effective as early as the tenth day after filing, or as late as the agency chooses. Persons affected by a new or amended rule are not required to daily contact the filing counter in the Secretary of State's office to discover the filing date of new rules and thereby compute one of the dates crucial to their appeal time or determine the date of the commencement of their responsibilities under such rule. The fact that the effective date was later stamped on the rules at the time they were filed does not cure the problem and does not meet the requirements of the statutes. (See *Golubski* v. *Board of Embalmers & Funeral Directors,* 114 Ohio App. 111, motion to certify the record overruled, October 4, 1961; *York Beer Distributing, Inc.,* v. *Board of Liquor Control,* 114 Ohio App. 406, 412, motion to certify the record overruled, December 20, 1961.)

Appellant's argument that the adopted rules could not lawfully be made effective on the tenth day after filing, excluding the filing day, is not well taken.

The next problem posed by the appellant also deals with paragraph (D) of Section 119.03, *supra,* and involves

the last sentence of that paragraph. The wording of the sentence has been the subject of previous consideration by this court, and our opinion then was that the language required that when a rule was amended, not only must the entire amended rule have been set out, a clause repealing the old rule must also have appeared. (*Golubski* v. *Board of Embalmers & Funeral Directors,* 114 Ohio App. 111.) Section 119.03 (D), Revised Code, provides, in part, as follows:

"* * * *No rule shall be amended except by a new rule which* shall contain the entire rule as amended, and *shall repeal the rule amended."* (Emphasis added.)

In enacting this section of the Revised Code, the General Assembly evinced its concern that persons affected by agency rules be simply and unambiguously apprised of exactly what conduct was expected of them under such rules. Hence, the direction is explicit that an amended rule be constituted a new rule and that the entire rule as amended be set forth as adopted. We do not now hold, however, that the Legislature was also setting forth a requirement that language repealing the amended rule must appear in conjunction with the new rule. Instead, it is our finding that, where an agency has followed and completed the necessary statutory procedure in adopting an amended rule, upon the arrival of the effective date of such amended rule its predecessor is, by operation of law, automatically repealed. Under such a procedure, agencies no longer need be constantly fearful of overlooking a few words holding little practical meaning, and persons subject to agency regulation need only obtain the rules bearing the latest effective date in order to be fully apprised of what is expected of them.

By analogy, it is well known that original amending enactments of the General Assembly must contain a clause repealing the section amended. However, no such clause is generally carried into the Revised Code. It is known to all that the latest effective enactment, being the last word of the legislative body, prevails.

In a case such as the one at bar, we do not feel it is even necessary that the agency's order contain language repealing the rule being amended, since Section 16 of Article II of the Constitution of Ohio has no application to administrative agencies, and a repeal by operation of law will work the same effect.

While it may be unnecessary, we point out that we are not here dealing with proposed rules, as distinguished from amendments to existing rules, nor with orders rescinding existing rules. The law remains unchanged except in the area of the adoption of amendments to existing rules and only there in the specific instance discussed herein.

In conclusion, we are aware that this decision may constitute a departure from prior pronouncements of this court on the question discussed. Therefore, to the extent of such departure, *Golubski* v. *Board of Embalmers & Funernal Directors,* 114 Ohio App. 111, and other decisions in conflict herewith are overruled.

The final charge by appellant is that the amendments adopted are "inherently unreasonable and unlawful." In developing this argument, the allegation is made that they are "vague, indefinite and contradictory in their terms." Appellant's main complaint in this area seems to be that by including Report EES 286 as an approved standard for plumbing materials in Table BB-51-05(A), the board referred prospective installers to a document which gives them no definite guidelines to follow in the purchase and use of the particular plastic piping under consideration. It is clear that in order for any document to be considered a proper standard it must be reasonably positive in its directives and reasonably clear in its import. This report does contain a certain amount of background material, but it also arrives at definite conclusions and contains positive requirements in the areas of material, installation and performance. The report also includes certain performance tests for use of plastic pipe manufacturers who desire approval of their product for installations subject to the Ohio Building Code. However, the document is clearly di-

vided as to subject-matter and is well-indexed. Taking the amendments in their entirety, including Report EES 286, it is our conclusion that they are not vague, indefinite or contradictory in their terms and are not unreasonable.

The question has also been raised as to whether the inclusion of Report EES 286 in the amendments, subsequent to the public hearing, required another public hearing prior to their final adoption. In view of our conclusion that this cause must be reversed (Section 119.02, Revised Code), we need not make such a determination at this time. Suffice it to say that in the new proceedings in this matter Report EES 286 should be on the agenda for discussion during the public hearing.

The judgment of the Court of Common Pleas must be reversed and the cause remanded for further proceedings in accordance with the foregoing decision.

*Judgment reversed.*

DUFFEY, P. J., and TROOP, J., concur.