CITY OF MIDDLETOWN ET AL., APPELLEES, *v.* NICHOLS, DIR. OF ENVIRONMENTAL PROTECTION, APPELLANT. (TWENTY-TWO CASES.)

(Nos. 82AP-371 to -374, -414 to -431—Decided March 17, 1983.)

*Messrs. Squire, Sanders & Dempsey, Mr. Kenneth C. Moore* and *Mr. George M.*

*Von Mehren,* for appellees Austin Powder Co., Chase Bag Co., Packaging Corp., Standard Oil Co., United States Steel Corp. and Elkem Metals.

*Mr. Sheldon A. Strand,* director of law, for appellee city of Middletown.

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Patrick M. McGrath* and *Mr. John C. Klein,* for appellee city of Columbus.

*Messrs. Jones, Day, Reavis & Pogue* and *Mr. Ronald R. Janke,* for appellees Olin Corp. and SCM Corp.

*Mr. Jeffrey P. White* and *Mr. Edward L. Kropp,* for appellees Ohio Power Co., Buckeye Power, Inc., Cardinal Operating Co., Columbus & Southern Ohio Electric Co. and Ohio Valley Electric Co.

*Mr. Forrest W. Woodall,* special assistant director of law, for appellee city of Akron.

*Messrs. Porter, Wright, Morris & Arthur, Mr. Christopher R. Schraff* and *Mr. Martin S. Selzer,* for appellees Armco Steel, PPG Industries, Republic Steel Corp., Ohio Power Co. and Cardinal Operating Co.

*Messrs. Guren, Merritt, Feibel, Sogg & Cohen, Mr. Michael L. Hardy* and *Mr. Michael S. McMahon,* for appellee Cleveland Electric Illuminating Co.

*Messrs. Fuller & Henry, Mr. Fred J. Lange* and *Mr. William L. Patberg,* for appellees Cincinnati Gas & Electric Co., Dayton Power & Light Co., Ohio Edison Co. and Toledo Edison Co.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Stephen P. Samuels* and *Mr. Robert J. Styduhar,* for appellant.

COOK, J. This is an appeal, pursuant to R.C. 3745.06, from an order of the Environmental Board of Review ("board") of the Ohio Environmental Protection Agency ("OEPA") vacating a portion of an order of the Director of Environmental Protection dated December 30, 1977, which promulgated Ohio Adm. Code 3745-1-01 through 3745-1-14.

These rules were promulgated by the director, appellant herein, as modifications and additions to Ohio's water quality standards, after three public hearings were held on the proposed modifications and additions to said standards and numerous public comments were received. Following appellant's promulgation of said rule changes and additions, twenty-five cities and industries, appellees herein, filed appeals to the board.

Because of a running dispute between the OEPA and the United States Environmental Protection Agency ("United States EPA"), as to the proposed rule changes and additions, the parties to the various appeals pending before the board agreed to proceed, by briefs and oral arguments, only as to assignments of error alleging procedural irregularities committed by the director in adopting the new standards.

The various appellees claimed before the board that appellant had prevented meaningful public comment at the three public meetings, because the OEPA prepared its scientific and technical rationale for the standards after the public comment period was closed, depriving the public of the opportunity to prepare meaningful comment; that OEPA had engaged in *ex parte* contacts with the United States EPA concerning said proposed rules and failed to allow public comment on the data and other information received; and that the final rules promulgated by OEPA were not consistent with the notice of the public hearing as required by R.C. 119.03(D).

Following a hearing on November 17, 1981, the board, in a split decision, vacated "[t]hat portion of the Director's Order of December 30, 1977 promulgating O.A.C. Rules 3745-1-01 through 3745-1-14."

In support of its order, the board issued the following three rulings:

"1. Where scientific and technical support data are essential to understand the Agency's proposed rules such data must be disclosed to the public and disclosed in time such that meaningful public comment is capable of being prepared and timely submitted in advance prior to the end of a comment period.

"2. Where a party engages in the submission of *ex parte* comments to the Agency on proposed rules the Agency must either refuse to consider these submissions or provide a substantial summary for public review and a reasonable period for opposing parties to respond. This restriction extends to all parties including the United States Environmental Protection Agency.

"3. Where final rules are so substantially different from the proposed rules or the public notice of the proposed rules that meaningful comment on the final rules was impossible to prepare during the comment period, a new comment period must be provided."

Appellant has appealed the order of the board and has filed the following five assignments of error:

"1. The Environmental Board of Review erred by requiring the Ohio Environmental Protection Agency to publish and provide an additional opportunity for public comment on its rationale for adoption of a proposed rule.

"2. The Environmental Board of Review erred by forbidding the Ohio Environmental Protection Agency from accepting or considering any communication regarding a proposed rule, unless the agency gives notice of the communication to all affected persons and provides an opportunity for response by those persons.

"3. The Environmental Board of Review erred by forbidding the Ohio Environmental Protection Agency from making any revisions in its rules unless the revisions are publicly noticed or requested by the commentators on the rules.

"4. The Environmental Board of Review erred by making findings of fact as to facts which were material and

disputed without holding a *de novo* hearing.

"5. The Environmental Board of Review erred in vacating that portion of the Director's order of December 30, 1977 promulgating amended water quality standards without also vacating the portion of the Director's order rescinding the pre-existing water quality standards."

The assigned errors are well-taken.

In his first three assigned errors, appellant contends that the board erred in requiring rulemaking procedures by the OEPA beyond those required by R.C. 119.03.

The purpose of the Environmental Board of Review is to hear appeals from any party to a proceeding before the director of the OEPA from the actions of the director. As a result of such an appeal, the board has the power to determine if the action appealed from was lawful and reasonable. R.C. 3745.05.

The procedure for state agencies in Ohio to follow in adopting, amending or rescinding rules is set forth in R.C. 119.03. This statute requires an agency to hold a public hearing on the proposed adoption, amendment or rescission of a rule and to give reasonable public notice of the hearing at least thirty days prior to the hearing. This notice must include certain information concerning said public hearing, including "[a] synopsis of the proposed rule, amendment, or rule to be rescinded or a general statement of the subject matter to which the proposed rule, amendment, or rescission relates." R.C. 119.03(A)(2). The statute then provides requirements for the conducting of said meeting. Finally, the statute in section (D) provides that, after complying with said above requirements, the agency may issue an order adopting the proposed rule or the proposed amendment or rescission of the rule, consistent with the public notice.

In the cause *sub judice,* the board added certain requirements to the procedure provided by R.C. 119.03 by requiring the director to make available to the public the scientific and support data as to the proposed rules and *ex parte* comments from agencies such as the United States EPA prior to the close of the public comment period so that more meaningful public comment could be made on the proposed rules. The board also added a requirement that, where the final rules adopted by the director are substantially different from the proposed rules, a new comment period must be provided.

However, R.C. 119.03 does not require such disclosure of scientific and support data and *ex parte* comments by the agency in the process of adopting, amending, or rescinding rules, nor a new comment period if the final rules are substantially different from the proposed rules. The board exceeded its powers in attempting to add to the required procedure for rulemaking which had been enacted by the legislature.

As this court stated in *Ohio Grape Growers, Vintners & Bottlers Assn.* v. *Bd. of Liquor Control* (1961), 115 Ohio App. 243 [20 O.O.2d 320], at pages 244-245:

"* * * Under Section 119.03, Revised Code, the hearing is to provide an opportunity for opponents of a proposed regulation to express their views as to the wisdom of the proposal and to present evidence with respect to its illegality. The administrative agency has no obligation to support the reasonableness of its proposal — except in the sense of the practical desirability of rebuttal * * *."

In addition to its three added procedural requirements, the board also found the public notice of the public meetings did not comply with the requirements of R.C. 119.03(A)(2), and the final rules adopted were not consistent with the public notice.

R.C. 119.03(A)(2) requires the public notice to include:

"A synopsis of the proposed rule, amendment, or rule to be rescinded or a general statement of the subject matter to which the proposed rule, amendment, or rescission relates;"

The public notice published by the director in the instant cause, in pertinent part, reads:

"Under authority vested in its Director by Ohio Revised Code Section 6111.041, the Ohio Environmental Protection Agency is considering the adoption of major amendments to Rule OAC 3745-1 (former EP-1), which sets forth water quality standards for all surface waters of the state.

"These major amendments contemplate an abandonment of the all uses, all times surface waters classification in present 3745-1 and a partial return to the system of variable use designations and varied standards in effect prior to adoption of 3745-1 in July 1973. Other major changes are also proposed."

Appellant does not contend that the public notice included a synopsis of the proposed changes in the rules applying to water quality standards, but contends the notice included a general statement of the subject matter to which the proposed rules, amendments, and rescissions related.

The terms "general" and "statement" are defined in Webster's Third New International Dictionary (1971), as follows:

"General

"[3]b: concerned or dealing with universal rather than particular aspects * * * 4: marked by broad overall character without being limited, modified, or checked by narrow precise considerations: concerned with main elements, major matters rather than limited details, or universals rather than particulars: approximate rather than strictly accurate * * *."

"Statement

"1: the act or process of stating, reciting, or presenting orally or on paper * * * 2: something stated: as a: a report or narrative (as of facts, events, or opinions): ACCOUNT, RECITAL * * *."

We conclude that the public notice did include a general statement, within the meaning of R.C. 119.03(A)(2), as to the related subject matter of the proposed rules, amendments and rescissions.

As to the consistency requirement of R.C. 119.03(D), this court, in *Jamison Plumbing & Heating Co.* v. *Rose* (1967), 14 Ohio App. 2d 47 [43 O.O.2d 136], in paragraph two of the syllabus, held:

"Amendments which are finally adopted pursuant to Section 119.03(D) of the Revised Code may differ from the synopsis of proposed amendments published under paragraph (A) of such section and the full text of the proposed amendments filed under paragraph (B) of such section, provided the amendments finally adopted are sufficiently consistent with the public notice to insure that all persons affected have been afforded a reasonable opportunity to present their views on the substance and effect of the amendments at the public hearing conducted therefor. (*Ohio State Federation of Licensed Nursing Homes* v. *Public Health Council,* 113 Ohio App. 113 [17 O.O.2d 108], approved and followed.)"

We further conclude that the final rules promulgated by appellant were consistent with the public notice as required by R.C. 119.03(D).

In his fourth assignment of error, appellant contends that the board erred in making findings of fact when it did not conduct a *de novo* hearing. Appellant points to the board's findings of fact that "[t]echnical support data for many of the proposed standards was [*sic*] not compiled by Ohio EPA until after the comment period had closed," and the board's finding that the final standards adopted by the appellant were a "product" of the meetings between OEPA and United States EPA when it had no evidence before it from which to reach such findings.

In *Union Camp Corp.* v. *Whitman* (1975), 42 Ohio St. 2d 441 [71 O.O.2d 414], the Ohio Supreme Court held:

"R.C. 3745.05 requires the Environmental Board of Review to conduct a hearing *de novo* in an appeal from an

order of the Director of Environmental Protection, except where such order results from an adjudication hearing conducted by the director in accordance with R.C. 119.09 and 119.10. (R.C. 3745.05, construed.)"

A hearing *de novo* is defined as "* * * a new hearing or a hearing for the second time, contemplating an entire trial in same manner in which matter was originally heard and a review of previous hearing. * * *." Black's Law Dictionary (5 Ed. 1979).

This court, in *Columbia Township Trustees* v. *Williams* (App. 1976), 11 O.O. 3d 233, at page 236, stated:

"A fair hearing before the EBR would require that a determination or finding of this board must be based upon evidentiary facts which are introduced, admitted and spread upon the record of the hearing. A finding and order of such board may not be reached upon that which is not to be found within the record. In a review of such record before the board, this court, in order to affirm such order, must find that it is supported by reliable, probative and substantial evidence and is in accordance with law."

In the instant cause, the board and the parties agreed that the parties would brief and orally argue the assignments of error going to alleged procedural defects on the part of the director in promulgating the new water quality standards. However, the transcript of proceedings of the November 17, 1981 hearing before the board indicates no evidentiary facts were "introduced, admitted and spread upon the record of the hearing."

R.C. 3745.05 contemplates a *de novo* hearing on appeals from non-adjudicatory decisions of the director. If, as in the instant cause, the *de novo* hearing was limited to the issue of whether the procedures exercised by the director in promulgating rules were lawful and reasonable, evidentiary facts as to said issues must be "introduced, admitted and spread upon the record of the hearing."

Once evidentiary facts as to said procedural issues are before the board, then the parties may brief and orally argue to the board as to said procedural issues. Subsequently, the board may issue an order as to the lawfulness and reasonableness of the director's procedures and include in that order written findings of fact upon which the order is based.

Having no evidentiary facts before it, the board erred in making findings of fact and issuing an order, based upon said findings, which vacated the director's promulgated rules.

In his last assignment of error, appellant contends that it was error on the part of the board to vacate only the amended water quality standards portion of the director's order of December 30, 1977, and, thus, leave standing that portion of the director's order which rescinded existing water quality standards.

R.C. 3745.05 provides:

"If, upon completion of the hearing, the board finds that the action appealed from was lawful and reasonable, it shall make a written order affirming the action[;] if the board finds that the action was unreasonable or unlawful, it shall make a written order vacating or modifying the action appealed from. Every order made by the board shall contain a written finding by the board of the facts upon which the order is based. Notice of· the making of the order shall be given forthwith to each party to the appeal by mailing a certified copy thereof to each party by certified mail, with a statement of the time and method by which an appeal may be perfected."

We conclude that the board erred in vacating only a portion of the action appealed from. Having, in effect, determined the action of the director in rescinding the existing water quality standards and promulgating new standards in their place was unlawful and unreasonable, the board was under a statutory duty to vacate "the action appealed from" which included both the

rescission of existing standards and the promulgation of new standards.

Order reversed and cause remanded for further proceedings.

*Order reversed and cause remanded.*

STRAUSBAUGH and NORRIS, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.