DECISION
{¶ 1} Relator, Gloria J. Haffey, commenced this original action requesting a writ of mandamus that orders respondent Industrial Commission of Ohio to vacate its order denying her motion for reimbursement for travel expenses relating to medical treatments, and to enter an order granting her motion for travel reimbursement.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In his decision, the magistrate concluded relator cannot a show clear legal right to reimbursement for travel expenses under Ohio Adm. Code 4123-6-40 "unless she shows that, in this pre-October 20, 1993 industrial claim, she has changed her physician of record to a bureau certified provider such that the rules of Ohio Adm. Code Chapter 4123-6 apply. Because relator has failed to show that the rules of Ohio Adm. Code Chapter 4123-6 apply to her industrial claim, she has failed to show that the commission abused its discretion in applying Ohio Adm. Code 4123-7-29." (Magistrate's Decision, ¶ 54.) Further, because relator failed to seek the necessary pre-authorization required under Ohio Adm. Code 4123-7-29, the magistrate determined the commission did not abuse its discretion in denying her request for reimbursement for travel expenses.
 {¶ 3} Relator has filed objections to the magistrate's conclusions of law, contending Jamison Plumbing Heating Co. v. Rose (1967),14 Ohio App.2d 47 requires a different conclusion. According to Jamison Plumbing, when the effective date for an amended rule arrives, the predecessor rule is automatically repealed. Relying on Jamison Plumbing, relator contends that Ohio Adm. Code 4123-7-29, which requires pre-authorization for reimbursement of travel expenses, was automatically repealed on the effective date of Ohio Adm. Code 4123-6-40.
 {¶ 4} Relator's reliance on Jamison Plumbing is misplaced. Ohio Adm. Code 4123-6-40 is not an amendment to Ohio Adm. Code 4123-7-29; it is an entirely new rule. As the magistrate properly noted, Ohio Adm. Code4123-6-40 applies, in the context of the Health Partnership Program and its use of managed care organizations, to injuries arising on or after October 20, 1993; Ohio Adm. Code 4123-7-29 continues to apply to injuries before that date, unless the employee selects a bureau certified provider as a physician of record.
 {¶ 5} Because relator's injury occurred before October 20, 1993, her claim is governed by Ohio Adm. Code 4123-7-29, unless she presented evidence she selected a bureau certified provider as physician of record. The record lacks evidence that she selected such a provider, and Ohio Adm. Code 4123-7-29 thus applies. Because Ohio Adm. Code 4123-7-29
requires pre-authorization, which relator did not seek, her request for a writ of mandamus lacks merit and her objections are overruled.
 {¶ 6} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Objections overruled; writ denied.
BROWN and SADLER, JJ., concur.
 DECISION IN MANDAMUS {¶ 7} In this original action, relator, Gloria J. Haffey, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying her motion for reimbursement for travel expenses relating to medical treatments, and to enter an order granting her motion for travel reimbursement.
Findings of Fact:
 {¶ 8} 1. On August 7, 1988, relator sustained an industrial injury which is allowed for: "thoracic strain; fibrositis," and is assigned claim number 88-26859.
 {¶ 9} 2. On August 26, 2002, relator moved for reimbursement of her travel expenses relating to two trips she made from Florida to obtain medical treatment from her physician of record, Salem Foad, M.D., whose office is located in Cincinnati, Ohio. In support of her motion, relator submitted her affidavit which averred:
 {¶ 10} "* * * Shortly after moving [to Quincy, Florida], she contacted her MCO and requested assistance in locating a physician near her residence, who would be able to treat her in the above claim and specifically be able to give her necessary injections for the fibrositis/fibromyalgia, an allowed condition in the claim.
 {¶ 11} "* * * Up to the present, despite diligent efforts, I have been unable, even with the assistance of my MCO to locate a physician to give these injections.
 {¶ 12} "* * * Because these injections are essential to my treatment and I could not obtain them elsewhere, I made an appointment [with] my physician of record, B. Salem Foad, M.D., to get these injections.
 {¶ 13} "* * * I made two trips to get these injections from my home in Quincy to Dr. Foad's office and back to obtain these treatments, which are absolutely essential to my well-being."
 {¶ 14} 3. On September 18, 2002, the Ohio Bureau of Workers' Compensation ("bureau") mailed an order denying the motion. The bureau order explained: "The BWC did not pre-authorize reimbursement of travel expenses. Pre-authorization is required prior to the actual travel."
 {¶ 15} 4. Relator administratively appealed the bureau's order. Following an October 28, 2002 hearing, a district hearing officer ("DHO") issued an order that modified the bureau's order. The DHO order states:
 {¶ 16} "The injured worker traveled from her home in Florida to Ohio to receive medical treatment. The injured worker's request for reimbursement of travel expenses is denied. Pursuant to O.A.C. 4123-7-29, travel expenses may be reimbursed for an injured worker to receive treatment in another state if it is pre-authorized by the Bureau of Worker's Compensation. The District Hearing Officer finds that the injured worker's travel was not pre-authorized and is, therefore, not subject to reimbursement within the rule."
 {¶ 17} 5. Relator administratively appealed the DHO order. Following a December 11, 2002 hearing, a staff hearing officer ("SHO") issued an order affirming the DHO order. The SHO order states:
 {¶ 18} "The injured worker's motion filed 8/26/02 requesting reimbursement for travel expenses from Florida to Cincinnati is denied. The injured worker alleges that such travel was necessary in order to receive medical treatment as there was no rheuma-tologist in Florida who would treat Ohio workers' compensation patients. The Hearing Officer finds that O.A.C. 4123-7-29 allows for reimbursement of travel expenses in order for treatment to be received in another state if such treatment is pre-authorized by the Bureau of Workers' Compensation. In the present case, such treatment was not pre-authorized and therefore the requested reimbursement is denied.
 {¶ 19} "The Hearing Officer relies on O.A.C. 4123-7-29."
 {¶ 20} 6. On January 10, 2003, another SHO mailed an order refusing relator's administrative appeal from the SHO order of December 11, 2002.
 {¶ 21} 7. On February 3, 2003, relator, Gloria J. Haffey, filed this mandamus action.
Conclusions of Law:
 {¶ 22} The commission applied Ohio Adm. Code 4123-7-29 which requires pre-authorization for reimbursement of travel expenses relating to medical treatment that cannot be obtained within the city or community where the claimant resides. It is undisputed that relator did not obtain pre-authorization. Relator claims that pre-authorization was not required, citing Ohio Adm. Code 4123-6-40.
 {¶ 23} The issue is whether Ohio Adm. Code 4123-7-29 or 4123-6-40
applies to relator's motion for travel expenses. Finding that relator has failed to show a clear legal right to travel reimbursement under Ohio Adm. Code 4123-6-40, or that the commission abused its discretion in applying Ohio Adm. Code 4123-7-29 to deny the motion, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 24} Effective January 1, 1978, the bureau promulgated Ohio Adm. Code Chapter 4123-7.
 {¶ 25} Ohio Adm. Code 4123-7-29 relating to travel expenses was most recently amended effective December 14, 1992. Ohio Adm. Code4123-7-29 states in part:
 {¶ 26} "(A) Payment of claimant's traveling expenses.
 {¶ 27} "Traveling expenses shall be paid to the claimant in an industrial claim upon the filing of a proper request, under the following circumstances:
 {¶ 28} "* * *
 {¶ 29} "(2) When specialized treatment necessary for the allowed industrial condition cannot be obtained within the city or community where the claimant resides and therefore such treatment was pre-authorized and approved by the bureau, by the industrial commission or by the self-insured employer in self-insuring employers' claims to be rendered outside of the city or community where the claimant resides.
 {¶ 30} "* * *
 {¶ 31} "(4) In situations described in paragraphs (A)(1) and (A)(2) of this rule the following provisions shall apply:
 {¶ 32} "(a) If claimant is traveling by automobile, claimant shall be entitled to a reasonable payment, as established by the bureau, on a per mile basis, portal to portal, using the most direct and practical route.
 {¶ 33} "* * *
 {¶ 34} "(c) The reasonable cost of necessary meals, based on distance traveled, will be refunded to the claimant. It shall be paid in accordance with a schedule adopted by the bureau and periodically revised depending on fluctuation of prices.
 {¶ 35} "(d) Necessary hotel bills will be paid at reasonable actual cost. Hotel accommodation must be pre-authorized."
 {¶ 36} In 1993, the General Assembly enacted R.C. 4121.44 and4121.441, which established a health plan system for the bureau called the Health Partnership Program ("HPP"). The HPP is a comprehensive managed care program administered by the bureau to provide medical, surgical, nursing, drug, hospital, and rehabilitation services and supplies to employees for injuries or occupational diseases that are compensable under R.C. Chapters 4123, 4127, or 4131.
 {¶ 37} An integral part of the HPP is the use of managed care organizations ("MCOs") private entities that contract with the bureau to provide medical management and cost containment services. Each MCO has a network of business partners that provide a full range of medical services and supplies, including specialized services. State ex rel. Haylett v. Ohio Bur. of Workers' Comp. (1999), 87 Ohio St.3d 325, 326.
 {¶ 38} To implement HPP, the bureau promulgated Ohio Adm. Code Chapter 4123-6 effective February 16, 1996. Ohio Adm. Code 4123-6-063, also effective February 16, 1996, states:
 {¶ 39} "(A) The rules of this chapter of the Administrative Code shall apply to all claims with the date of injury on or after October 20, 1993. * * *
 {¶ 40} "* * *
 {¶ 41} "(C) In all claims with a date of injury prior to October 20, 1993, * * * if the employee changes the physician of record for any reason, the employee shall select a bureau certified provider as a physician of record and the claim is thereafter governed by all of the HPP rules of this chapter. * * *"
 {¶ 42} Effective February 12, 1997, Ohio Adm. Code 4123-6-40, captioned "Payment of travel expenses," states:
 {¶ 43} "(A) A claimant's travel expenses shall be paid, upon the filing of a proper request, under the following circumstances:
 {¶ 44} "* * *
 {¶ 45} "(2) When specialized treatment necessary for the allowed industrial condition cannot be obtained within the city or community where the claimant resides.
 {¶ 46} "* * *
 {¶ 47} "(4) In situations described in paragraphs (A)(1) and (A)(2) of this rule, the following provisions apply:
 {¶ 48} "(a) If the claimant is traveling by automobile, the claimant shall be entitled to a reasonable payment, as established by the bureau, on a per mile basis, portal to portal, using the most direct and practical route.
 {¶ 49} "* * *
 {¶ 50} "(c) The reasonable cost of necessary meals, based on distance traveled, will be refunded to the claimant. It shall be paid in accordance with a schedule adopted by the bureau and periodically revised.
 {¶ 51} "(d) Necessary hotel bills will be paid at reasonable actual cost. Hotel accommodation must be pre-authorized."
 {¶ 52} Analysis begins with the observation that the instant industrial claim involves a pre-October 20, 1993 injury. Ohio Adm. Code 4123-6-063 in essence provides that the rules of Ohio Adm. Code Chapter 4123-6, which necessarily include Ohio Adm. Code 4123-6-40 at issue here, do not apply to pre-October 20, 1993 injuries unless the employee has changed the physician of record to a bureau certified provider.
 {¶ 53} The record before this court fails to indicate whether relator ever changed her physician of record to a bureau certified provider. We only know that Dr. Foad was relator's physician of record in May and August 2002 when she received the injections in Cincinnati, Ohio. If Dr. Foad was relator's physician of record prior to the promulgation of Ohio Adm. Code Chapter 4123-6 and he has never become a bureau certified provider, Ohio Adm. Code 4123-6-40 cannot be applied to relator's motion for payment of travel expenses.
 {¶ 54} Relator cannot show a clear legal right to payments for travel expenses under Ohio Adm. Code 4123-6-40 unless she shows that, in this pre-October 20, 1993 industrial claim, she has changed her physician of record to a bureau certified provider such that the rules of Ohio Adm. Code Chapter 4123-6 apply. Because relator has failed to show that the rules of Ohio Adm. Code Chapter 4123-6 apply to her industrial claim, she has failed to show that the commission abused its discretion in applying Ohio Adm. Code 4123-7-29 to require pre-authorization as a condition of payment for travel expenses.
 {¶ 55} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.