This is an appeal under Section 119.11, Revised Code, from a judgment of the Common Pleas Court affirming the Board of Liquor Control's adoption of an amendment to Sections 1, 3 and 4, of Article VII of the liquor regulations. The basic regulation established minimum prices for the sale of wine under the authority of Section 4301.13, Revised *Page 244 
Code. The amendment in question alters only the percentage mark-up in the minimum price formula. In its brief, the appellant makes two contentions:
1. That the amendment is unreasonable because the only evidence presented to the board in the hearing under Section119.03, Revised Code, was with respect to increased costs in the industry and the need for a higher profit margin.
2. That the regulation is unreasonable in that it discriminates between persons in the same class.
The second contention was not assigned as one of the grounds for appeal in the notice of appeal from the board, Section119.11, Revised Code. It was not argued in the Common Pleas Court.
The discrimination alleged arises from the basic regulation and not from the operation of the amendment adopted. An attack on that ground could have been made at the time the regulation itself was adopted. Once adopted, an attack may be made upon an adjudication order of the board in an appeal under Section119.12, Revised Code. In the present proceedings, under Section119.11, Revised Code, the attack must be limited to the regulation as amended. For these reasons, the second contention is rejected.
The first contention is based on the premise that the purpose of Section 4301.13, Revised Code, is social control of the sale of wine and to eliminate abuses leading to intemperate and improper usage of wine.
The preamble to the statute recites: "To provide for the sale of bottled wine under fair trade regulations * * *." The common meaning of "fair trade" connotes economic regulation for the purpose of controlling competition and, among other things, protecting the return made. In Pompei Winery, Inc., v. Board ofLiquor Control (1957), 167 Ohio St. 61, the Per Curiam opinion recognized that the board in acting under this statute was notlimited to considering "`fair trade' principles."
We believe this to be a clear recognition that fair trade principles are one of the purposes of the statute.
It should further be observed that while the evidence presented related to the profit and return there is nothing in the record to indicate that the board adopted the amendment for that reason. Under Section 119.03, Revised Code, the hearing *Page 245 
is to provide an opportunity for opponents of a proposed regulation to express their views as to the wisdom of the proposal and to present evidence with respect to its illegality. The administrative agency has no obligation to support the reasonableness of its proposal — except in the sense of the practical desirability of rebuttal, especially in the light of the limitation on evidence on an appeal under Section 119.11, Revised Code. It may be, and probably is, true that at some of these hearings no one appears — opponents or proponents. The agency need not then prove to itself that there are grounds to justify the proposal.
This court cannot assume that the board, by listening to the views of witnesses appearing at the hearing, adopted those views as its own and exercised no independent judgment in deciding to adopt the proposal. Attention is directed to the distinction between an appeal under Section 119.11, Revised Code, and that under Section 119.12, Revised Code. The former does not require the court to affirmatively find that the action is supported by reliable, probative and substantial evidence. It requires only that the court determine whether the procedure was proper and whether the rule adopted is reasonable and lawful. The first contention is, therefore, rejected.
An appeal from the Common Pleas Court in a case arising under Section 119.11, Revised Code, is an error proceeding. In reAppeal from Board of Liquor Control (1957), 103 Ohio App. 517. It is subject to the statutory procedures and appellate court rules applicable to appeals on question of law. No assignment of errors has been filed in this court. Section 2505.21, Revised Code; Rule VII, A, (2), (a) and (b), Rules of the Courts of Appeals (107 Ohio App.).
The judgment of the Common Pleas Court is affirmed.
Judgment affirmed.
DUFFEY, P. J., COLLIER and BROWN, JJ., concur.
COLLIER and BROWN, JJ., of the Fourth Appellate District, sitting by designation in the Tenth Appellate District. *Page 246