LONG, APPELLANT, *v.* DIVISION OF WATERCRAFT, DEPT. OF NATURAL RESOURCES, APPELLEE.

(No. 7087—Decided March 26, 1963.)

*Mr. Francis C. Smith,* for appellant.
*Mr. William B. Saxbe,* attorney general, for appellees.

DUFFEY, J. This is an appeal from a judgment of the Common Pleas Court of Franklin County in a proceeding under Section 119.11, Revised Code, involving a regulation adopted by the Department of Natural Resources, Division of Watercraft. The regulation was adopted by the agency under Section 1547.61, Revised Code, and the trial court found it to be validly adopted. The regulation provides:

"No outboard motor of more than six (6) horsepower shall be operated on the waters of Odell Lake."

There is no assignment of errors contained in appellant's brief. In *Ohio Grape Growers, Vintners & Bottlers Assn.* v. *Board of Liquor Control* (1961), 115 Ohio App., 243, at page 245, this court stated:

"An appeal from the Common Pleas Court in a case arising under Section 119.11, Revised Code, is an error proceeding. *In re Appeal from Board of Liquor Control* (1957), 103 Ohio App., 517. It is subject to the statutory procedures and appellate court rules applicable to appeals on question of law. No assignment of errors has been filed in this court. Section

2505.21, Revised Code; Rule VII, A, (2), (a) and (b), Rules of the Courts of Appeals (107 Ohio App.)."

The principal point argued by appellant appears to be that the agency's adoption of the regulation is against the manifest weight of the evidence submitted to the agency during the course of the hearing required under Section 119.03, Revised Code.

There is no such burden on an administrative agency in the adoption of a regulation and no such standard for the court in an appeal under Section 119.11, Revised Code. In the *Ohio Grape Growers case, supra,* this court held:

"Under Section 119.03, Revised Code, the hearing is to provide an opportunity for opponents of a proposed regulation to express their views as to the wisdom of the proposal and to present evidence with respect to its illegality. The administrative agency has no obligation to support the reasonableness of its proposal—except in the sense of the practical desirability of rebuttal, especially in the light of the limitation on evidence on an appeal under Section 119.11, Revised Code. It may be, and probably is, true that at some of these hearings no one appears—opponents or proponents. The agency need not then prove to itself that there are grounds to justify the proposal.

"This court cannot assume that the board, by listening to the views of witnesses appearing at the hearing, adopted those views as its own and exercised no independent judgment in deciding to adopt the proposal. Attention is directed to the distinction between an appeal under Section 119.11, Revised Code, and that under Section 119.12, Revised Code. The former does not require the court to affirmatively find that the action is supported by reliable, probative and substantial evidence. It requires only that the court determine whether the procedure was proper and whether the rule adopted is reasonable and lawful."

No claim is made in this court as to the constitutionality of the enabling statute, the authority to adopt this type of regulation, or that "said agency failed to comply with the law in adopting, * * * publishing, or distributing said rule, * * *." Section 119.11, Revised Code. The only possible contention left to the appellant is that the regulation is unreasonable. We cannot say that it is unreasonable on its face, and there is in-

sufficient evidence of record to warrant a finding of unreasonableness.

The judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

DUFFY, P. J., and BRYANT, J., concur.