OPINION
{¶ 1} Appellant, Jimmie Hicks, Jr., Chief Circulator on Behalf of 528 Petitioners appeals from the October 4, 2002 decision of the Franklin County Court of Common Pleas affirming appellee's, Ohio State Board of Education ("the Board"), decision denying appellant's request for a transfer of territory from East Cleveland School District areas ("East Cleveland") to Cleveland Heights-University Heights School District ("Cleveland-Heights") pursuant to R.C. 3311.24. For the reasons that follow, we affirm the decision of the common pleas court.
 {¶ 2} In March 2000, Hicks, a member of Cleveland Heights City Council, presented a signed petition to the East Cleveland City Schools for the proposed transfer of a portion of East Cleveland areas of Forest Hill, Caledonia, and North Taylor Road to the Cleveland Heights district. 528 residents signed the petition. East Cleveland submitted the petition to the Ohio Department of Education ("ODE") and requested that both East Cleveland City Schools and Cleveland Heights City Schools respond to 17 questions and provide the Board with information in accordance with Ohio Adm. Code 3301-89-02(B). Both school districts submitted the requested information. On September 12, 2000, the Board adopted a resolution declaring its intention to consider Hick's transfer request.
 {¶ 3} East Cleveland requested a hearing. Petitioners specifically contend that the transfer would unite a section of Cleveland Heights that had been isolated from the rest of the city, would lessen racial segregation in the area, would reduce social isolation, would not be a tax grab, and would address safety issues. On April 10, 2001, the matter was assigned for a hearing before a hearing officer pursuant to the provisions of R.C. 3311.24 and Ohio Adm. Code 3301-89-02. For three days, 21 witnesses testified, 127 exhibits were admitted, and the transcripts consisted of three volumes. The hearing officer considered 17 factors of significance outlined in paragraph B of Ohio Adm. Code 3301-89-02.
 {¶ 4} On June 15, 2001, the hearing officer issued a report denying the request for transfer of the transfer area from East Cleveland to Cleveland Heights. In doing so, the hearing officer found that the petitioners failed to present reliable, substantial, and probative evidence in support of their request. The hearing officer held that the petitioners did not introduce evidence regarding how the transfer would affect the other students in the Cleveland Heights School District. The hearing officer found that the transfer would be as harmful to the students in Cleveland Heights as it would to the students remaining in the East Cleveland City Schools. The effect would be overcrowded facilities and loss of educational opportunities. The hearing officer determined that East Cleveland would face a loss of $2,150,000 per year of its tax base if the transfer were granted. The transfer would further have a direct and immediate effect on the children who continued to use the existing school facilities in the East Cleveland area. The hearing officer further found that the proposed transfer would require students to form new relationships and would further increase class sizes or require new classes to be created. The hearing officer determined that no evidence was presented to show that the students currently benefiting from the positive programs operated out of Caledonia Elementary School and the library in the East Cleveland District would receive similar or better opportunities if the transfer was granted.
 {¶ 5} The hearing officer noted that approving the transfer would not be in the best interest of either city school district or the districts' students. First, the loss of revenue would have a devastating impact on East Cleveland. Second, the removal of the elementary school would result in a hardship for the remaining elementary schools in East Cleveland by resulting in an increase in the other district's elementary school's student population. The proposed transfer would deprive East Cleveland of $4 million per year in revenue and it would cost Cleveland Heights at least $1.2 million per year in new expenses. In balancing the interests of the students in the transfer area against evidence of the potential harm such a transfer may have on other students in the affected district, the hearing officer concluded there would be an adverse effect on the students attending both the East Cleveland and Cleveland Heights City Schools. Accordingly, the hearing officer concluded that a greater harm would result if the proposed transfer was approved.
 {¶ 6} Petitioners filed objections to the hearing officer's report and recommendation and, on September 11, 2001, the Board accepted the recommendations of the hearing officer and denied the request for a transfer. Pursuant to R.C. 119.12, petitioners appealed to the Franklin County Court of Common Pleas. On September 30, 2002, the common pleas court affirmed the order of the Board, holding that the decision of the Board to deny the transfer was supported by reliable, substantial, and probative evidence and was in accordance with law. In doing so, the common pleas court reviewed the 17 questions listed in Ohio Adm. Code 3301-89-02
and the 10 additional factors listed in Ohio Adm. Code 3301-89-03 that the Board and hearing officer must consider in determining a request for transfer pursuant to R.C. 3311.24. Based upon its review, the common pleas court held that (1) the transfer would not eliminate isolation nor have an appreciable effect on segregation; (2) the transfer would not be a tax grab for Cleveland Heights, but would negatively impact East Cleveland; and (3) there was insufficient evidence that the transfer would resolve safety concerns.
 {¶ 7} On October 4, 2002, the common pleas court filed its judgment entry reflecting its September 30, 2002 decision. It is from this entry that appellant appeal, assigning the following two assignments of error:
 {¶ 8} "[I.] Whether the decision of the trial court below affirming the resolution of the Ohio State Board of Education, denying a transfer of a portion of the East Cleveland School District to the Cleveland Heights-University Heights School District, was arbitrary and contrary to law because it was issued in total disregard of a mandate of this Court which placed a burden of production and a burden of persuasion on the defendants to show a claimed adverse financial impact of this transfer.
 {¶ 9} "[II.] Whether the decision of the trial court below affirming the resolution of the Ohio State Board of Education, denying a transfer of a portion of the East Cleveland School District to the Cleveland Heights-University Heights School District, was arbitrary and contrary to law because there was no reliable, probative and substantive evidence in the record to support its refusal to find that the transfer would cause isolation, affect segregation, and cause safety problems."
 {¶ 10} In the first assignment of error, appellant contends that the common pleas court erred in affirming the Board's order because the Board failed to meet its burden of production and burden of persuasion in presenting reliable and probative evidence of projected revenues and projected expenditures after the transfer.
 {¶ 11} The standard of review for the court of common pleas is given in R.C. 119.12, which states in part:
 {¶ 12} "The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law."
 {¶ 13} The standard of review for appellate courts is whether the common pleas court abused its discretion in finding that the administrative order was or was not supported by reliable, probative, and substantial evidence. Samson v. Ohio Bd. of Edn. (Aug. 13, 1998), Franklin App. No. 97APE12-1702. "In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion `* * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.' * * * Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment.
 {¶ 14} "The fact that the court of appeals * * * might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." (Citations omitted.) Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707, quoting Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 260-261.
 {¶ 15} When a transfer of territory between school districts is requested, "a balancing must take place between many competing factors in order to achieve the desired result of achieving what is in the best interests of the students concerned." Garfield Hts. City School Dist. v. State Bd. of Edn. (1990), 62 Ohio App.3d 308, 323. Ohio Adm. Code3301-89-02 sets forth the procedures which must be employed to carry out a transfer of territory pursuant to R.C. 3311.24, and also provides a list of 17 questions that the affected school districts must answer. Union Title Co. v. State Bd. of Educ. (1990), 51 Ohio St.3d 189, 192. Ohio Adm. Code 3301-89-02(B)(9) states: "[w]ill the loss of either pupils or valuation be detrimental to the fiscal or educational operation of the relinquishing school district?" This question may be answered by evidence showing the projected loss of revenue to a school district and a finding concerning how the loss of revenue is a "factor significant enough to stand in the way of the proposed transfer." Levey v. State Bd. of Edn (Feb. 25, 1995), Franklin App. No. 94APE08-1125.
 {¶ 16} The petitioner in a territorial transfer proceeding has the burden of proof that the transfer should be approved. Id. See, also, Youngstown Sheet Tube Co. v. Maynard (1984), 22 Ohio App.3d 3, 8
("it is generally held that, absent a statutory provision which specifically places the burden of proof, such burden in an administrative action is upon the party asserting the affirmative issue").
 {¶ 17} In the present case, appellant, in citing to Crowe v. State Bd. of Educ. (Oct. 26, 1999), Franklin App. No. 99AP-78, contends that the Board did not present any evidence of how the proposed territory transfer would be detrimental. However, the common pleas court noted that testimony was presented that related to the financial impact on both districts, including answers provided by the districts on the questionnaires evidencing the detrimental impact of the transfer.
 {¶ 18} A review of the record supports the common pleas court's finding that evidence was presented concerning the financial impact the transfer would have on both districts. Unlike the petitioners in Crowe, East Cleveland presented testimony from the district treasurer, the library director, and real estate appraiser evidencing the detrimental effects of the transfer. Barbara Henry, district treasurer, testified if the transfer is allowed, East Cleveland would face a loss of $2,150,000 per year from the loss of real property taxes, and up to $4.2 million annually when state foundation payments are included in the calculation. (Vol. III, Tr. 638.) Henry further stated that there are 984 affected students, but only 500 students would be transferred out of the area. (Tr. 672.)
 {¶ 19} Gregory L. Reese, Director of the East Cleveland Public Library, testified that the proposed transfer would result in an 18.2 percent loss of property tax collection, or $121,000 annually. (Vol. II, Tr. 340.) Reese testified that the library is important to the community, and the proposed transfer would result in reduced hours of operation, staff layoff, reduction in purchase of materials, and cut back in library programming. (Tr. 347.)
 {¶ 20} J. Everett Prewitt, real estate appraiser, conducted an impact analysis demonstrating what impact the transfer would have on the East Cleveland School District. Prewitt determined if the proposed transfer was granted, the residents of the Cleveland Heights portion of the East Cleveland School District would be required to pay a higher tax rate of 18.26 percent. (Vol. II, Tr. 425, 439.)
 {¶ 21} In response to Ohio Adm. Code 3301-89-02(B)(9), East Cleveland replied that the loss of either pupils or valuation would be "detrimental to the fiscal or educational operation of the relinquishing school district." The district explained, among other things, that the transfer would cause an increase in class size for students residing outside the affected area, and that the approval of the transfer would substantially disrupt the district's $107 million school rebuilding program. The transfer would interrupt the construction already in progress to improve the elementary schools, and would result in the elimination of one elementary school and one library branch. The district further noted that if the transfer was granted, the loss of ad valorem tax would jeopardize the district's ability to maintain the desired level of fiscal or educational operations necessary for students who remain in the East Cleveland District.
 {¶ 22} The hearing officer stated in his report and recommendation that:
 {¶ 23} "Approving this transfer is not in the best interest of either district or their respective students. First, the loss of revenue resulting from the proposed transfer would have a devastating impact on the East Cleveland City School District. Specifically, the district would lose an estimated $4.2 million. The East Cleveland City School District is involved in a $107 million renovation project. The financial and logistical ramifications of the proposed annexation would have an adverse effect on the entire building project. Further, the removal of Caledonia Elementary School would result in a hardship for the remaining elementary schools in East Cleveland City School District. Currently, the district's elementary schools' student population ranges from 491 to 707 students. The addition of these Caledonia Elementary School students who reside in East Cleveland to the district's other elementary schools would adversely increase their student population." (Report and Recommendation of Hearing Officer, June 20, 2001, at 43.)
 {¶ 24} Ohio Adm. Code 3301-89-02(B)(9) requires a finding of how the loss of income would affect the relinquishing school district. A review of the record reveals that a transfer of the property would have a financial impact on the East Cleveland district. Evidence was presented to show how the financial impact would be "detrimental to the fiscal or educational operation" of East Cleveland and how much total revenue East Cleveland would lose because of the transfer.
 {¶ 25} Therefore, we find that the common pleas court did not abuse its discretion in affirming the Board's decision. Appellant had the burden of proof that the transfer should be approved. Failing to meet that burden, the common pleas court was correct in concluding that the proposed transfer would be "detrimental to the fiscal or educational operation" of East Cleveland. Appellant's first assignment of error lacks merit and is not well-taken.
 {¶ 26} In the second assignment of error, appellant contends that the common pleas court's decision is arbitrary and contrary to law because reliable, probative, and substantive evidence was presented to show the proposed transfer would remedy isolation, segregation, or safety issues. Appellant contends that the common pleas court failed to properly consider appellant's witness testimony and evidence.
 {¶ 27} In this case, the hearing officer analyzed and discussed both the answers to the 17 questions of Ohio Adm. Code 3301-89-02, and the 10 factors for consideration under Ohio Adm. Code 3301-89-03. Of the 17 factors outlined in Ohio Adm. Code 3301-89-02, the hearing officer determined that only several of them apply: (1) while both districts publish annual reports, neither district made any long-range educational planning that took into consideration the disruption that would arise out of the proposed transfer; (2) Cleveland Heights does not have the fiscal and human resources to operate an expanded educational program for an additional 500 new students; (3) there exists the question of whether Cleveland Heights City Schools has the capacity to assume any financial obligations that may accompany the relinquished territory; (4) in light of the recent school levies, Cleveland Heights has had to reduce staff and eliminate certain services to meets its proposed budget. The proposed transfer would place a financial burden on Cleveland Heights; (5) the loss of pupils or valuation would be detrimental to the fiscal or educational operation of its districts; and (6) if Cleveland Heights does not take possession of Caledonia Elementary School, students living in the transfer area will have to travel further distances to other grade-appropriate schools in the Cleveland Heights School District.
 {¶ 28} Of the 10 factors outlined in Ohio Adm. Code 3301-89-03, the hearing officer determined that (1) there is clear and substantial evidence that some East Cleveland residents have strong and long-held loyalties to Caledonia Elementary School, and to East Cleveland City Schools as well; (2) the pupil loss to East Cleveland would severely impair the district's educational programs; (3) the fiscal resources acquired by Cleveland Heights would not be commensurate with the educational responsibilities the district assumed. Cleveland Heights would assume financial responsibility in excess of $1 million each year; and (4) the students attending Caledonia Elementary school would have to be absorbed in other elementary schools in the Cleveland Heights School District, thus resulting in overcrowding. The common pleas court stated as follows:
 {¶ 29} "After consideration of the record and arguments of counsel, the Court must find that the determination of the Board has reliable, probative, and substantial evidence in support and is in accordance with the law. As to the specific assignments of error, the Court concludes that the transfer would not eliminate isolation, nor have an appreciable effect on segregation. The transfer would not be a tax grab for Cleveland Heights, but would have a negative impact on East Cleveland. The evidence offered as to financial impact had support in the record and consideration of the disposition of the school and library was within the purview of the Hearing Officer's decision-making process. There was insufficient evidence to support that the transfer would resolve any safety issues." (Decision on the Merits of Appeal, October 4, 2002, at 9.)
 {¶ 30} We determine that the common pleas court did not abuse its discretion in finding there was reliable, probative, and substantial evidence to deny the proposed transfer based on appellant's contentions of social isolation, racial segregation, or safety issues. The court determined that the transfer would not eliminate isolation, as the geography will remain the same regardless of the school boundaries. Further, the court noted that East Cleveland is comprised of 98 percent minority students, while Cleveland Heights is comprised of 76 percent minority students. Interestingly, when asked in question number two on the questionnaire, "Are there racial isolation implications?" both districts responded, "No." The common pleas court held that the transfer would not have "an appreciable effect on segregation." (Decision on the Merits of Appeal, October 4, 2002, at 9.) The court further noted that the testimony presented by appellant regarding the divisiveness between those who live "up the hill" in Cleveland Heights and those who live "down the hill" in East Cleveland was insufficient to support that the proposed transfer would resolve any safety issues or concerns.
 {¶ 31} The evidence demonstrates that the desired result of achieving what is "the present and ultimate good of the pupils concerned" is obtained if the proposed transfer is not permitted. See Ohio Adm. Code3301-89-01(F). Greater harm would result if the proposed transfer of territory is approved based upon the loss of revenue, financial and logistical ramifications as a result of the transfer, and adverse increase in student population. As such, appellant's second assignment of error lacks merit and is not well-taken.
 {¶ 32} Based on the foregoing, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE, P.J., and BOWMAN, J., concur.