{¶ 16} In its opinion, the majority concludes that the Environmental Review Appeals Commission ("ERAC") has jurisdiction over an appeal from a letter finding a license application incomplete. The majority reaches this conclusion based solely on ERAC's authority under R.C. 3745.04(B) to order the director of the Ohio Environmental Protection Agency ("director" or "Ohio EPA") or a board of health "to perform an act" and with no consideration as to whether the letter constitutes a final act or action appealable under R.C. 3745.04. Because I strongly disagree with the majority's interpretation of applicable law, I dissent.
 {¶ 17} The specific question in this case is whether ERAC has jurisdiction over an appeal by appellant, Trans Rail America, Inc. ("appellant"), from a finding by appellee, James J. Enyeart, M.D., Health Commissioner, Trumbull County Health Department ("appellee"), that appellant's application for a license to establish a construction and demolition debris ("C DD") facility was incomplete. As detailed in the majority opinion, appellant first applied for the license in May 2004. Over the next two years, appellee twice found the application to be incomplete, despite appellant's submissions of additional information. Finally deciding that it had no remedy but to appeal to ERAC, appellant filed an appeal from appellee's May 31, 2006 letter, which indicated for the third time that appellant's application was incomplete.
 {¶ 18} On appeal, ERAC analyzed whether the May 31, 2006 letter was a final action appealable under R.C. 3745.04. ERAC ultimately determined that appellee's requests were reasonable and that the letter was not appealable, and ERAC dismissed the appeal for lack of jurisdiction. *Page 8 
 {¶ 19} Before this court, appellant's first assignment of error asserts that ERAC erred in finding that it had no jurisdiction. In support, appellant asserts that the letter constituted a final action appealable under R.C. 3745.04 because the circumstances surrounding the letter were indicative of a final appealable order and because it materially and adversely affected appellant's property rights. Following submission of briefs and oral argument, this court asked the parties to submit supplemental briefing regarding the jurisdictional impact of ERAC's authority under R.C. 3745.04(B) to issue an order "ordering the director or board of health to perform an act." In the end, without considering whether appellee's letter constituted a final action under R.C. 3745.04, the majority relies solely on ERAC's authority under R.C. 3745.04(B) and concludes that ERAC had jurisdiction. I disagree.
 {¶ 20} R.C. 3745.04(B) provides, in pertinent part:
 Any person who was a party to a proceeding before the director of environmental protection may participate in an appeal to [ERAC] for an order vacating or modifying the action of the director or a local board of health, or ordering the director or board of health to perform an act. [ERAC] has exclusive original jurisdiction over any matter that may, under this section, be brought before it.
 {¶ 21} Clearly, R.C. 3745.04(B) gives ERAC authority to order the director or board of health "to perform an act." This grant of power is not in isolation, however. References throughout R.C. 3745.04 make clear that there must first be a final "act" or "action" to trigger ERAC jurisdiction.
 {¶ 22} For example, R.C. 3745.04(D) requires appeals to be in writing and to "set forth the action complained of." That same subsection provides that appeals must be *Page 9 
filed within 30 days after notice of the "action," and the filing of an appeal does not automatically suspend "the action appealed from."
 {¶ 23} R.C. 3745.04(A) also provides that, as used in R.C. 3745.04:
 * * * "[A]ction" or "act" includes the adoption, modification, or repeal of a rule or standard, the issuance, modification, or revocation of any lawful order other than an emergency order, and the issuance, denial, modification, or revocation of a license, permit, lease, variance, or certificate, or the approval or disapproval of plans and specifications pursuant to law or rules adopted thereunder.
 {¶ 24} For decades, this court has recognized that the terms "act" and "action" include, but are not limited to, the actions enumerated in R.C.3745.04(A). As this court stated in Youngstown Sheet Tube Co. v.Maynard (1984), 22 Ohio App.3d 3, 6:
 The General Assembly * * * in drafting R.C. 3745.04 chose to illustrate rather than define an appealable action, thereby vesting [ERAC's predecessor, the Environmental Board of Review] with jurisdiction over acts of the director beyond the adoption, modification or repeal of a rule. Past decisions of this court illustrate that the broad definition of appealable acts contained in the statute is to be liberally construed in favor of appeals to [ERAC]. See, e.g., Cain Park Apts. v. Nied (June 25, 1981), Franklin App. No. 80AP-817 et seq., unreported.
 {¶ 25} When faced with an action not enumerated in R.C. 3745.04(A), this court has analyzed the challenged action or failure to act and considered whether it affects the appellant's rights, privileges or property. For example, in Dayton Power Light Co. v. Schregardus
(1997), 123 Ohio App.3d 476, this court considered whether ERAC properly dismissed an appeal from the director's decision to place a site on a master site list of contaminated properties. The court found that the site owner had no opportunity to contest the listing, which government officials and businesses would rely on when evaluating property. The court ultimately remanded the matter to ERAC for a hearing to *Page 10 
determine whether the listing "affected a substantial legal right with finality and/or that Ohio EPA exceeded its authority by promulgating" the list. Id. at 481.
 {¶ 26} This court recently distinguished Dayton Power Light inUS Technology Corp. v. Korleski, Franklin App. No. 07AP-383,2007-Ohio-5922. In US Technology, this court considered whether a letter issued by an Ohio EPA employee was a final action appealable to ERAC under R.C. 3745.04. While concluding that "the letter, in form," was not a final action, the court acknowledged "that the letter nonetheless may constitute final action if in substance it finally adjudicates [the appellant's] legal rights." Id. at ¶ 7. After considering the course of conduct between Ohio EPA employees and the appellant, the content of Ohio EPA's communications with the appellant, and the status of Ohio EPA's findings with respect to alleged violations of environmental laws, the court concluded that the letter was not a final action appealable to ERAC. Rather, it "was the latest in a series of meetings and letters addressing issues" between the two parties. Id. at ¶ 11. Therefore, ERAC had no jurisdiction to review it.
 {¶ 27} In contrast, here, the majority does not analyze whether ERAC properly determined that it lacked jurisdiction over appellee's May 31, 2006 letter because it was not a final action appealable under R.C.3745.04. Instead, the majority relies solely on ERAC's authority under R.C. 3745.04(B) to order the director or the board "to perform an act." Not only is this interpretation contrary to past decisions of this court, it creates a dangerous precedent for interference in the comprehensive statutory scheme for the issuance of environmental licenses and permits, a precedent with the potential to extend well beyond the facts of the case before us. *Page 11 
 {¶ 28} R.C. 3745.07 establishes the process Ohio EPA must follow when issuing, denying, modifying, revoking or renewing a license, including a C DD facility license under R.C. Chapter 3714. R.C. 3745.07 provides that the director may issue a "proposed action" indicating the director's intended action. If the director receives an objection to the proposed action, the director must hold an adjudication hearing before issuing a final decision, which triggers appeal rights under R.C.119.09. If the director issues or denies a license without first issuing a proposed action, then "any person who would be aggrieved or adversely affected thereby" may appeal to ERAC within 30 days of the issuance or denial. R.C. 3745.07.
 {¶ 29} R.C. 3714.09 grants to approved boards of health the specific authority to issue, deny, suspend, and revoke C DD facility licenses. R.C. 3714.10 states: "Appeal from any suspension, revocation, or denial of a license shall be made in accordance with" R.C. 3745.02 to 3745.06.
 {¶ 30} Nowhere in these statutes authorizing the issuance and denial of licenses generally, or even C DD facility licenses specifically, is there authority for an appeal to ERAC before a final action by Ohio EPA or the board of health, and allowing a premature appeal, i.e., an appeal prior to a final action that adjudicates the rights of the applicant, interferes with this legislative scheme. Rather than requiring an applicant to complete the statutory process, the majority opinion allows an applicant to circumvent the process by prematurely appealing an agency's request for additional information or finding that an application is incomplete.
 {¶ 31} Here, ERAC clarified that it did "not intend to imply that repeated, unreasonable requests for additional information by a licensing authority could never" *Page 12 
give rise to a final appealable action under R.C. 3745.04. (Final Order at 19, fn. 9.) In fact, the appropriate analysis for determining whether such repeated requests do give rise to a final action appealable under R.C. 3745.04 is the analysis used by this court in its prior decisions and articulated by ERAC in this case, i.e., consideration of whether the form of the action indicates finality and whether the action materially and adversely affects the rights of the appellant, not simple reliance on ERAC's authority to order the director or the board "to perform an act."
 {¶ 32} In my view, the better reading of R.C. 3745.04(B) is that the General Assembly intended to grant ERAC authority to order the director or the board of health to perform an act where, for example, the director or board denied an approval that ERAC determines should have been granted. In that scenario, ERAC would not rely on its authority to issue an order "vacating or modifying the action," but would rely on its authority to issue an order "ordering the director or board of health to perform an act," i.e., to grant the approval it deems appropriate. This reading of R.C. 3745.04(B) maintains the integrity of both the legislative scheme and the administrative process for considering license and permit applications, and it ensures that ERAC will not be burdened with premature appeals.
 {¶ 33} In the end, I would find that ERAC properly identified the factors it must consider in determining whether it has jurisdiction over the appeal. Specifically, having concluded that the May 31, 2006 letter did not reflect an "act" or "action" enumerated in R.C. 3745.04(A), ERAC considered the form and substance of the document. I agree with ERAC's determination that, in form, the letter does not constitute a final action: the letter does not indicate that it is a final action; it does not advise appellant of a right to *Page 13 
appeal; and it contains no indication that appellee understood, journalized or documented the letter as a final action.
 {¶ 34} ERAC also recognized correctly that the May 31, 2006 letter still could constitute a final action if it met certain substantive criteria, as follows:
 Even if a document does not, in form, constitute a final action it may still be a final action if the substance of the document adjudicates with finality any legal right or privilege of the appealing party. Conversely, if the document represents an intermediate step in a continuing process, or if the contents of the document indicate that it is only a segment of an evaluation that will ultimately lead to a final action, then, at that juncture, no final appealable action has occurred. Thus, the final inquiry [ERAC] must make is whether [appellee's] May 31, 2006 letter adjudicates with finality any legal right or privilege of [appellant]. * * *
(Final Order at 14, ¶ 8.)
 {¶ 35} I concur in ERAC's articulation of the test for determining whether the letter was appealable under R.C. 3745.04. Nevertheless, I would remand this matter to ERAC for further consideration of the jurisdictional question. Specifically, I would conclude that ERAC improperly relied on CECOS Internatl., Inc. v. Shank (1991),74 Ohio App.3d 43, to conclude that appellee's "determination that [appellant's] application was incomplete was reasonable and its request for additional information was well within its regulatory authority." (Final Order at 18-19, ¶ 14.) In CECOS, the director had denied a hazardous waste permit renewal, in part because the director found that CECOS had failed to submit a complete and adequate application in compliance with administrative rules. ERAC's predecessor affirmed the determination, and this court affirmed. Here, ERAC relied on CECOS to conclude in this case that appellee has discretion to determine whether an *Page 14 
application is complete and that appellee's requests for additional information were reasonable under the circumstances.
 {¶ 36} In contrast to the case before us, however, in CECOS, neither ERAC nor this court had to determine whether the director's finding that the application was incomplete was a final action appealable under R.C.3745.04. Rather, in CECOS, ERAC and this court considered the merits of that finding on appeal from the director's final action denying the application. See, also, Harmony Environmental Ltd. v. Morrow Cty. Dist.Bd. of Health, Franklin App. No. 04AP-1338, 2005-Ohio-3146 (decision regarding completeness of C DD license application on appeal from board's final action denying application).
 {¶ 37} Here, ERAC correctly stated that, in order to determine whether it has jurisdiction over appellant's appeal, ERAC must first determine whether the May 31, 2006 letter "adjudicates with finality any legal right or privilege" of appellant. Only after finding jurisdiction proper may ERAC proceed to the merits, i.e., deciding whether the application is complete.
 {¶ 38} Admittedly, ERAC concluded that the May 31, 2006 letter "was not a final appealable action, but rather, represents an intermediate step in a continuing process." (Final Order at 19, ¶ 15.) However, ERAC reached that conclusion without analyzing the factors it had identified previously. Therefore, while I would overrule the substance of appellant's first assignment of error, I would remand this case for further consideration in accordance with the appropriate jurisdictional test, as articulated by ERAC and this court.
 {¶ 39} In its second assignment of error, appellant asserts that ERAC erred by finding the May 31, 2006 incompleteness determination to be reasonable without an *Page 15 
evidentiary hearing. Having concluded that ERAC must consider the jurisdictional question further, I would conclude that appellant's second assignment of error is moot.
 {¶ 40} In conclusion, the majority having determined that ERAC has jurisdiction under the express terms of R.C. 3745.04(B) and having sustained appellant's assertion that ERAC erred by addressing the merits of the appeal without a hearing, I respectfully dissent. *Page 1